UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERIC MALONE, #302249,

            Plaintiff,

                                      CASE NO. 23-CV-11013

v.                                 HON. GEORGE CARAM STEEH

K. PARSONS, et al.,

            Defendants.

_____/

**<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>**

I.

      Michigan prisoner Eric Malone ("plaintiff"), currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was confined at the Saginaw Correctional Facility in Freeland, Michigan in 2021. The Court has granted him leave to proceed without prepayment of the filing fee for this action. In his complaint, the plaintiff alleges that a corrections officer allowed another prisoner to sign for his legal mail on May 3, 2021 such that he was unable to file a timely appeal with the Michigan Supreme Court. He also alleges that supervising

employees failed to properly investigate and/or respond to his grievances and that prison officials conspired against him.  He names Grievance Coordinator K. Parsons, Corrections Officer Beard, Lieutenant J. Jarrad, and Captain J. Garcia as the defendants in this action and sues them in their individual capacities.  He seeks monetary damages and injunctive relief.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)©; 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-336 (1986). With these standards in mind, the Court concludes that the plaintiff's complaint is subject to summary dismissal.

III.

First, the plaintiff's claims against defendants Parsons, Jarrad, and Garcia based upon their supervisory roles over other defendants or employees must dismissed.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  Monell v. Department of Social Svs., 436 U.S. 658, 691-692 (1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009); see also Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Thus, to the extent that Plaintiff alleges that the afore-mentioned defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted.  Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983.  See Shehee v. Luttrell, 199 F.3d 295, 300

(6th Cir. 1999); <u>see also</u> <u>Martin v. Harvey</u>, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that the plaintiff asserts that defendants Parsons, Jarrad, and Garcia (or any other defendant) violated his constitutional rights by failing to properly investigate the matter or by denying his grievances, he fails to state a claim for relief.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  While the First Amendment guarantees prisoners the right to file grievances against prison officials, <u>Herron v. Harrison</u>, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances.  <u>Smith v. Arkansas State Hwy. Employees, Local 1315</u>, 441 U.S. 463, 464-465 (1979); <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure.  <u>Walker v. Michigan Dep't of Corr.</u>, 128

F. App'x 441, 445 (6th Cir. 2005); <u>Argue v. Hofmeyer</u>, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).  To the extent that the plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted under § 1983.  <u>See</u> <u>Carlton v. Jondreau</u>, 76 F. App'x 642, 644 (6th Cir. 2003); <u>Proctor v. Applegate</u>, 661 F. Supp. 2d 743, 766-767 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, the plaintiff fails to state an access to the courts claim in his complaint.  Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect.  <u>Bounds v. Smith</u>, 430 U.S. 817, 821-825 (1977).  A prisoner's right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights claims challenging conditions of confinement.  <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996); <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 391 (6th Cir. 1999).  This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel.  <u>Holt v. Pitts</u>, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted).

To state a denial of access to the courts claim under §1983, a plaintiff must allege facts showing actual prejudice or injury from the challenged conduct.  <u>Lewis</u>, 518 U.S. at 351.  Examples of actual prejudice include having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline.  <u>Id</u>. at 353; <u>Harbin-Bey v. Rutter</u>, 420 F.3d 571, 578 (6th Cir. 2005).  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." <u>Christoper v. Harbury</u>, 536 U.S. 403, 415 (2002).  Additionally, a plaintiff must allege that the deprivation of rights was the result of intentional conduct to state such a claim.  <u>Sims v. Landrum</u>, 170 F. App'x 954, 957 (6th Cir. 2006); <u>Wojnicz v. Davis</u>, 80 F. App'x 382, 384 (6th Cir. 2003).  An allegation of negligence is insufficient to state an access to the courts claim under § 1983.  <u>Collins v. City of Harker Hgts.</u>, 503 U.S. 115, 127-130 (1992).

The plaintiff fails to meet these requirements.  While he asserts that he was unable to file an appeal with the Michigan Supreme Court, he does not explain the legal basis for that proposed action nor show that a non-frivolous claim was not filed or was rejected due to the defendants' conduct.  More importantly, even if the plaintiff satisfies that element, he

-8-

fails to allege facts which show that defendant Beard (or any of the defendants) acted intentionally, as opposed to negligently, with respect to his legal mail.  The plaintiff's allegation that another prisoner improperly signed for his legal mail, at most, indicates that defendant Beard was negligent in handling his legal mail.  The plaintiff alleges no facts to indicate that defendant Beard (or any of the defendants) acted intentionally to deprive him of his legal mail or to impede his court access.  The plaintiff thus fails to state a denial of access to the courts claim in his complaint.

Fourth, to the extent that the plaintiff generally alleges that one or more of the defendants acted negligently with respect to the events giving rise to his complaint, he fails to state a cognizable claim under § 1983. See Collins, 503 U.S. at 127-128 (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Colvin v. Caruso, 605 F.3d 282, 293-94 (6th Cir. 2010); Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., 34 F.3d 345, 348 (6th Cir. 1994).  Any claims of negligence must be dismissed for failure to state a claim upon which relief may be granted under § 1983.

Fifth, to the extent that the plaintiff alleges that the defendants violated MDOC policies and procedures and/or state law, such claims must be dismissed.  Section 1983 provides a remedy for violations of federal law, not prison policy or state law.  Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982); Laney v. Farley, 501 F.3d 577, 580-581 (6th Cir. 2007).  Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983.  See Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing Olim v. Wakinekona, 461 U.S. 238, 250 (1983)); Laney, 501 F.3d at 581 n. 2; Smith v. Freland, 954 F.2d 343, 347-48 (6th Cir. 1992); McVeigh v. Bartlett, No. 94-2347. 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); Coleman v. Martin, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation.").  Any claim by the plaintiff alleging violations of MDOC policies or procedures or

violations of Michigan law thus fail to state a claim upon which relief may be granted under § 1983.[1]

Lastly, to the extent that the plaintiff alleges that the defendants conspired against him, he fails to state a claim upon which relief may be granted in his complaint.  To state a conspiracy claim under § 1983, a plaintiff must show:  (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights.  Hooks v. Hooks, 771 F.2d 935, 943-944 (6th Cir. 1985); see also Memphis, TN Area Local v. City of Memphis, 361 F.3d 898, 905 (6th Cir. 2004).  A plaintiff must plead the conspiracy with some specificity.  The plaintiff fails to do so.  His conspiracy claim is vague and conclusory.  Conclusory allegations are insufficient to state a civil rights claim under § 1983, Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-557; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-391 (6th Cir. 2009), including a conspiracy claim.  Horton v. Martin, 137 F. App'x 773 (6th Cir. 2005); Gutierrez v. Lynch, 826 F.2d

---

[1]Some of the plaintiff's allegations may be actionable under Michigan law although they do not provide a basis for relief in federal court.  Any state law claims are dismissed without prejudice to those claims being brought in state court.  The Court declines to exercise pendant jurisdiction over any state law claims.

1534, 1538 (6th Cir. 1987).  The plaintiff fails to allege sufficient facts to state a conspiracy claim in his complaint.  His complaint must be dismissed.

IV.

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2023

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 10, 2023, by electronic and/or ordinary mail and also on Eric Malone #302249, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Michael Lang
Deputy Clerk